Douglas v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-087-CR

     LAWRENCE RAY DOUGLAS,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 82nd District Court
Falls County, Texas
Trial Court # 6442
                                                                                                    

O P I N I O N
                                                                                                    

      Lawrence Ray Douglas appeals his conviction for burglary of a habitation. A jury found him
guilty, and the judge assessed punishment, enhanced by two prior felony convictions, at forty
years in prison. In points one and two Douglas complains that he was denied effective assistance
of counsel. Points three and four arise out of a pretrial amendment of the indictment. We affirm.
      In point one, Douglas contends that his attorney's failure to have the voir dire examination
recorded by the court reporter constituted ineffective assistance of counsel. According to Douglas,
without a transcript of the voir dire examination, he is unable to seek appellate review of his
Batson objection, which was recorded by the court reporter and included in the transcript on
appeal. In point two Douglas complains that he was denied the effective assistance of counsel as
the result of his trial counsel's failure to object to the amendment of the indictment immediately
before it was read to the jury. On February 3, thirteen days before the trial commenced, the State
filed a motion to amend the indictment, requesting that the name of the complainant be changed
from "Van Harris" to "Tallulah Harris" and that the dates of the two prior convictions alleged in
the enhancement paragraphs be corrected. However, the State did not present the motion to the
trial court and obtain a ruling until the day of trial, but prior to the commencement of the trial on
the merits. According to Douglas, because trial counsel failed to object to the amendment, he was
tried on an indictment that could not have been amended over his objection.
      In Strickland v. Washington, the Supreme Court established a two-pronged test to determine
whether a defendant has been denied effective assistance of counsel:
First, the defendant must show that counsel's performance was deficient. This requires
showing that counsel made errors so serious that counsel was not functioning as the
"counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant
must show that the deficient performance prejudiced the defense. This requires showing
that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial
whose result is reliable.




      In assessing attorney performance, the reviewing court must make every effort "to eliminate
the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged
conduct, and to evaluate the conduct from counsel's perspective at the time."


 The court must then
decide whether, in light of all the circumstances, the identified acts or omissions were outside the
wide range of professionally competent assistance.


 The defendant must also show that there is
"a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding
would have been different."



      We need not determine whether counsel's performance was deficient before examining the
prejudice suffered by the defendant as a result of the alleged deficiencies.


 Douglas has not met
his burden of presenting a record to establish prejudice resulting from either claim of ineffective
assistance of counsel.


 
      Trial counsel timely raised a Batson objection before the jury was selected and sworn. At the
pretrial hearing on his Batson objection, Douglas testified that he was present during the entire
voir dire examination and observed that juror number thirty was black. Douglas also testified that
juror number thirty responded to trial counsel's questioning by saying that he could be fair and
impartial. According to Douglas, the prosecutor did not question juror number thirty regarding
his partiality. In response, the prosecutor took the stand and testified that he struck juror number
thirty because he was a suspect in a burglary case several years earlier. He also thought he had
seen the prospective juror around town associating with the defendant.
      Douglas has not shown how he has been harmed by the failure to request recordation of the
voir dire examination.


 To prove that trial counsel's failure to preserve the Batson objection by
having the entire voir dire examination recorded by the court reporter resulted in prejudice,
Douglas must prove by a preponderance of the evidence that the black juror struck, merely by
virtue of his race, would have rendered a different verdict.


 Mere assertions in an appellate brief,
unsupported by evidence in the record, will not be considered on appeal.


 Accordingly, we
overrule point of error one.
      Trial counsel expressly stated that he had no objection to the State's motion to amend the
indictment, raised on the day of trial but prior to the commencement of trial on the merits. The
State argues that, under Flowers v. State, the pretrial amendment of the indictment to change the
name of the complainant did not charge Douglas with a different offense or prejudice his
substantial rights under article 28.10(c) of the Texas Code of Criminal Procedure.


 However,
section (c) applies only to the amendment of an indictment under section (a)—"before the date the
trial on the merits commences."


 The State is not permitted to amend an indictment, over the
defendant's objection, on the day of trial but prior to the commencement of the trial on the
merits.


 As a result, an objection by trial counsel to the State's motion to amend the indictment
immediately before it was read to the jury would have precluded trial of the case on an amended
indictment naming the correct complainant.



      Again, Douglas has not shown how he has been harmed by the failure to object to the State's
motion to amend the indictment. Although a timely objection would have precluded a trial on the
amended indictment, resulting in either a dismissal, an instructed verdict, or at least a reversal of
the conviction on appeal because of a fatal variance between the indictment and the proof, the
attempted prosecution on the charge of burglary of Van Harris' house would not bar a prosecution,
under a new indictment, for burglary of Tallulah Harris' house.


 Furthermore, we cannot
overcome the presumption that, under the circumstances, the decision to go to trial on the amended
indictment, rather than object and await trial under a new indictment, "might be considered sound
trial strategy."


 Accordingly, we overrule point of error two.
      In point three Douglas contends that the evidence was insufficient to prove the complainant
was "Tallulah Van Harris" as alleged in the indictment. The State's motion to amend the
indictment requested that the name of the complainant be changed from "Van Harris" to "Tallulah
Harris." The trial court granted the motion, noting, "When you read the indictment in front of
the jury, you may change that portion of the indictment according to the amendment which has
been granted by the Court." However, the court reporter indicated only that the prosecutor read
the indictment in the presence of the jury, but did not record the actual reading of the indictment. 
Although the word Tallulah has been handwritten over the complainant's name in the indictment,
the word Van was not stricken out. The complainant testified that her name was "Tallulah
Harris," and the jury found that Douglas entered a building "owned, occupied and used as a
habitation by Tallulah Harris . . . ."
      An amendment to an indictment is the actual alteration of the charging instrument by, for
example, "handwriting, typing, interlining, striking out, etc."


 In this case, the indictment was
altered by handwriting the complainant's actual first name over the incorrect one. We hold that
the indictment was in fact amended by making an alteration on the face of the indictment. 
Consequently, the evidence was sufficient to prove that the owner was Tallulah Harris, as alleged
in the indictment.


 Because the evidence is, therefore, sufficient to support the conviction, we
overrule point of error three.
      In point four Douglas contends that the purported amendments to the enhancement paragraphs
of the indictment were void. The State's motion to amend the indictment also requested that the
dates of the two prior convictions alleged in the enhancement paragraphs be corrected. The court
granted the motion but the enhancement paragraphs of the indictment were never altered to reflect
the correct dates. As a result, the enhancement paragraphs of the indictment were not in fact
amended.


 Unlike the complainant's name, which is an element of the original offense, this point
deals with a clerical error in the enhancement paragraphs of the indictment relating to the dates
of prior convictions.


 According to the Court of Criminal Appeals, it is not necessary to allege
prior convictions for purposes of the enhancement of punishment with the same particularity as
must be used in charging the original offense.



      At the punishment hearing, the trial court referred to each enhancement paragraph, reciting
the corrected dates of the prior convictions. To each count, Douglas pleaded true. The State then
tendered into evidence Pen Packets, as State's Exhibits twenty-two and twenty-three, which were
admitted without objection. A variance between the allegations and the proof is material and fatal
only if it would mislead a defendant to his prejudice.


 Furthermore, a defendant's plea of true
to the enhancement paragraphs of an indictment is a waiver of any subsequent complaint that he
was injured by the admission of prior conviction evidence.


 We find no prejudice to Douglas
resulting from the variance between the allegations and the proof.


 Because Douglas had adequate
notice of the prior convictions alleged in the enhancement paragraphs, to which he pleaded true,
and because the Pen Packets were admitted into evidence without objection, we overrule point of
error four.
      We affirm the judgment.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed February 9, 1994
Do not publish